**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4480

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TEVIN ZAKAR CRITE,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00398-WO-1)

Submitted:  December 21, 2021                          Decided:  December 22, 2021

Before KING and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, PA, Winston-Salem, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Nicole R. DuPre, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tevin Zakar Crite pleaded guilty, pursuant to a written plea agreement, to possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Crite to 108 months' imprisonment. On appeal, Crite contends that the district court plainly erred in accepting his guilty plea for two related reasons. First, Crite criticizes the district court for failing to explain during the Fed. R. Crim. P. 11 hearing that the Government would be required to prove at trial that Crite knew of his status as a felon when he possessed the firearms in order to convict him of the offense. *See Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019) (holding that to convict a defendant under 18 U.S.C. § 922(g), "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it"). Second, Crite asserts that the district court incorrectly found that a factual basis supported his guilty plea because the written factual basis did not state that Crite knew of his status as a felon when he possessed the firearms. For the reasons explained below, we reject Crite's challenges to his guilty plea and thus affirm.

Because Crite did not first present his *Rehaif*-based claims to the district court, our review of those claims is for plain error only. *See Greer v. United States*, 141 S. Ct. 2090, 2099-2100 (2021) (holding that unpreserved *Rehaif* claims are subject to plain error review). To succeed on plain error review, Crite must show that: (1) an error occurred; (2) the error is plain; and (3) the error affected his substantial rights, "which generally means that there must be a reasonable probability that, but for the error, the outcome of the

2

proceeding would have been different." *Id.* at 2096 (internal quotation marks omitted). "If those three requirements are met, [we] may grant relief if [we] conclude[] that the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings." *Id.* at 2096-97 (internal quotation marks omitted).

In the context of a *Rehaif* error, the Supreme Court held in *Greer* that such an error "is not a basis for plain-error relief unless the defendant first makes a *sufficient* argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at 2100 (emphasis added). "When a defendant advances such an argument or representation on appeal, [we] must determine whether the defendant has carried the burden of showing a reasonable probability that the outcome of the district court proceeding would have been different." *Id.* (internal quotation marks omitted).

Applying *Greer* here, we conclude that Crite has not demonstrated a reasonable probability that the outcome of these proceedings would have been different had the district court been aware of, and advised Crite regarding, the knowledge-of-status element under *Rehaif*. Although Crite now claims that he would have proceeded to trial had he been advised of the knowledge-of-status element and that he would have argued to a jury that he was unaware of his status as a felon because all of his prior felony convictions stemmed from *Alford*[1] pleas, we are satisfied that—under the particular facts of this case—Crite's claim does not meet the standard announced in *Greer*.

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

Some of the most critical facts include that Crite has been convicted of multiple felonies and that he actually served approximately 30 months in prison for some of those felony convictions, so he would have known that at least those convictions were punishable more than a year in prison. *See United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) (explaining that defendant's prior record of incarceration made it "virtually impossible to believe he did not know he had been convicted of crimes punishable by" more than one year in prison); *cf. Greer*, 141 S. Ct. at 2098 (ruling that, on plain error review, appellate court "may consider the *entire* record"). Additionally, during the Rule 11 hearing, Crite admitted that he was a felon when he possessed the firearms underlying the instant conviction. Finally, about two months before Crite possessed the firearms giving rise to this conviction, he was arrested and charged in state court with possessing a firearm as a felon. Shortly after Crite was arrested for that charge, he remarked that he knew he "shouldn't have been driving around with [a] gun" and that he could not "beat" the state charge because the gun "was in [his] possession." (J.A. 13).[2] Crite was on bond for the state charge when he possessed the firearms at issue here. We are satisfied that these facts establish beyond peradventure that Crite knew of his status as a felon.[3]

---

[2] Citations to "J.A." refer to the Joint Appendix filed by the parties in this appeal.

[3] Insofar as Crite claims that his guilty plea should be vacated because the record does not contain evidence establishing that he also knew that he was prohibited from possessing a firearm under federal law, we have held that *Rehaif* does not require any such showing. *See United States v. Moody*, 2 F.4th 180, 197 (4th Cir. 2021) (explaining that *Rehaif* obliges Government to prove defendant's knowledge of status and does not require proof that defendant also knew that his status prohibited firearm possession).

And in light of those facts, we are entirely unpersuaded that the outcome of these proceedings would have been different absent the *Rehaif* error. *See Greer*, 141 S. Ct. at 2098 (ruling that defendant had not demonstrated that *Rehaif* error affected his substantial rights where he had been convicted of multiple felonies and admitted that he was a felon when he pleaded guilty to the § 922(g)(1) offense). Accordingly, we conclude that Crite has not shown that the *Rehaif* error affected his substantial rights, and he thus cannot prevail on plain error review.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*